# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **HORACE L. FRANCOIS** | **CIVIL ACTION** |
| **VERSUS** | **NO. 13-6662** |
| **JUDGE KERN A. REESE, ET AL.** | **SECTION "N" (3)** |

## REPORT AND RECOMMENDATION

On December 16, 2013, *pro se* plaintiff, Horace L. Francois, filed the above-captioned matter in this District Court against a number of defendants.  Francois seeks to sue Judge Kern A. Reese in his personal capacity, the law firm of Newman, Mathis, Brady & Spedale, A.P.L.C. ("the Newman Firm") in its official capacity and Mark C. Landry, an attorney at the Newman Firm, in his personal capacity. From a review of  Francois' complaint, it appears that he alleges a conspiracy between these individuals and the Newman Firm related to the revival of a judgment against him in state court.

On December 18, 2013, this Court ordered Francois to show cause on or before Friday, January 24, 2014 why his claims should not be summarily dismissed for failure to state an actionable claim in this federal court. [Doc. #3].  Francois has failed to comply with the Court's rule to show cause, and three months have passed since his response was due.

28 U.S.C. § 1915(e)(2)(B) allows summary dismissal, *sua sponte*, of a claim or suit should the Court determine that it is frivolous.  Section 1915(e)(2)(B) provides in pertinent part:

(2) Notwithstanding any filing fee, or any portion thereof, that may have been paid,

>the court **shall dismiss** the case at any time if the court determines that –
>
>                              *   *   *
>
>>(B) the action or appeal –
>>
>>>(i)   is frivolous or malicious;
>>>
>>>(ii)   fails to state a claim on which relief may be granted; or
>>>
>>>(iii)  seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2) (emphasis added).  In plain language, Section 1915 mandates dismissal if the Court is satisfied that the case fails to state a claim upon which relief may be granted.[1]

With regard to Judge Kern A. Reese, it is well settled that judges are protected by absolute immunity for actions taken in their judicial capacity.  *See In re Foust*, 310 F.3d 849, 855 (5th Cir. 2002) (citing *Mays v. Sudderth*, 97 F.3d 107, 109-113 (5th Cir. 1996)).    Essential policy considerations support this grant of absolute judicial immunity.  A judge's role in the judicial system requires that he enjoy "freedom to determine the law unfettered by the threat of collateral attacks" against him personally.  *Mays*, 97 F.3d at 111.  "The independence of the judiciary must not be sacrificed one microscopic portion of a millimeter, lest the fears of section 1983 intrusions cow the judge from his duty."  *McAlester v. Brown*, 469 F.2d 1280, 1283 (5th Cir.1972).  Absolute immunity applies to judicial acts within a judge's jurisdiction in suits brought under 42 U.S.C. §§ 1983 and 1985.  *Mays*, 97 F.3d at 111.  Moreover, a judge does not lose immunity even if he was in error, took action maliciously, or acted in excess of his authority.  *Id.* Rather, he loses immunity only if his act was not a "judicial act" or was "performed in the clear absence of jurisdiction."  *Id.* The allegations in Francois' complaint challenge Judge Reese's actions taken in his official capacity

---

[1]     *See Neitzke v. Williams,* 490 U.S. 319, 325 (1989) (noting that a claim is "frivolous" where it lacks an arguable basis either in law or in fact).

2

as a judge.  Accordingly, it is recommended that Francois' claims against Reese be dismissed on the ground of absolute judicial immunity.

With regard to the Newman Firm and Landry, this Court does not have subject-matter jurisdiction over Francois' claims against them.  Francois asserts federal-question jurisdiction under 42 U.S.C. §§ 1983 and 1985.  Federal courts are courts of limited jurisdiction.  "Subject matter jurisdiction may not be waived, and the district court 'shall dismiss the action' whenever 'it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter.'"[2] To state a clam under Section 1983 a plaintiff must (1) allege a violation of a right secured by the Constitution or laws of the United States and (2) demonstrate that the alleged deprivation was committed by a person acting under color of state law. *Victoria W. v. Larpenter*, 369 F.3d 475, 482 (5th Cir. 2004).  The Newman Firm and  Landry are simply not state actors who acted under color of state law.

Neither is diversity jurisdiction under 28 U.S.C. § 1332 apparent from the face of his complaint.  Francois fails to state whether the Newman Firm and Landry are citizens of Louisiana or citizens of another state.   The Newman Firm is located in Metairie and Baton Rouge, Louisiana, and is a professional law corporation comprised of attorneys who work in Louisiana. Landry practices in the Metairie office.  It is thus highly unlikely that any diversity exists here.

Accordingly,

**IT IS RECOMMENDED** that the complaint of Horace L. Francois be DISMISSED

---

[2]     *Avitts v. Amoco Prod. Co.*, 53 F.3d 690, 693 (5th Cir.1995) (quoting Fed. R. Civ. P. 12(h)(3)).

WITHOUT PREJUDICE for lack of subject-matter jurisdiction and failure to state an actionable claim in this Court.

## NOTICE OF RIGHT TO OBJECT

Objections must be: (1) specific, (2) in writing, and (3) served within fourteen (14) days after being served with a copy of this report.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 1(a), 6(b) and 72(b). A party's failure to object bars that party from: (1) entitlement to *de novo* review by a district judge; and (2) appellate review of the un-objected-to factual findings and legal conclusions accepted by the district court, except upon grounds of plain error.  *Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*).

New Orleans, Louisiana, this 28th day of April, 2014.

**DANIEL E. KNOWLES, III**
**UNITED STATES MAGISTRATE JUDGE**

4